UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>RAHSON C. WOODS,<br><br>          Defendant. | No. 2:14-cr-00345-JAM<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PLACEMENT IN HOME CONFINEMENT AND/OR HALFWAY HOUSE** |

    On February 4, 2022, Defendant filed a pro se motion, asking the Court to recommend him for placement in home confinement and/or a halfway house. See Mot., ECF No. 59. However, as the Court has previously held, it lacks statutory authority to order an inmate to home confinement. United States v. Lastovskiy, No. 2:12-cr-00322-JAM, 2021 WL 4777132, at *2 (E.D. Cal. Oct. 13, 2021); see also Order Denying Defendant's Mot. for Placement in Home Confinement and/or Halfway House in United States v. Spillers, No. 2:18-cr-00263-JAM, ECF No. 76 (E.D. Cal. Feb. 1, 2022). The authority to transfer an inmate to home confinement is delegated exclusively to BOP, and any BOP decision regarding home confinement is not subject to judicial review. 2021 WL

1

4777132, at *1; see also United States v. Mansaray, No. 13-236, 2020 WL 3077184, at *3 (E.D. Pa. June 10, 2020) ("The Congress did not provide the Courts with the authority to review the BOP Director's decision whether to release inmates into home confinement at an earlier time . . . This discretion rests solely with the Attorney General and the BOP Director.").

In his motion, Defendant does not bring forward any caselaw holding otherwise. See Mot. He cites only to 18 U.S.C. 3624. Id. But the plain language of 18 U.S.C. 3624 is consistent with this Court's prior holding that the decision to place an inmate in home confinement is delegated exclusively to BOP. 2021 WL 4777132, at *1. Thus, Defendant fails to persuade the Court that it has the authority to grant his requested remedy.

Lacking such authority, the Court DENIES Defendant's motion.

IT IS SO ORDERED.

Dated: February 7, 2022

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE